975 F.2d 869
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Juan B. MARTINEZ, Petitioner,
v.
OFFICE OF PERSONNEL MANAGEMENT, Respondent.
 No. 92-3186.
 United States Court of Appeals, Federal Circuit.
 July 17, 1992.
 
 Before NIES, Chief Judge, and RICH and RADER, Circuit Judges.
 PER CURIAM.
 
 DECISION
 
 1
 Juan B. Martinez petitions for review of a Merit Systems Protection Board decision, Docket No. SE08319110396, affirming the Office of Personnel Management's (OPM) reconsideration decision that denied his application for a civil service retirement annuity. We affirm.
 
 DISCUSSION
 
 2
 Martinez claims he is entitled to a deferred civil service retirement annuity based upon service in the Philippine Army from November 2, 1941, to April 5, 1946, and unspecified service as a laborer for the Philippine Republic from 1946 to 1947. The Administrative Judge (AJ) upheld OPM's denial of benefits on the ground that Martinez had not shown that he had five years of creditable civilian service. The AJ determined that Martinez failed to establish he was employed in federal civilian service from 1946-1947 and that Martinez's "service in the Philippine Army is not creditable for purposes of the [civil service retirement system]." The full Board denied Martinez's petition for review. 5 C.F.R. § 1201.115.
 
 
 3
 We review the Board's decision under a very narrow standard, affirming the decision unless it is (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c) (1988). To be eligible for a civil service retirement annuity based upon separation from federal civil service in 1947, Martinez must first establish that he has completed five years of creditable service. See Act of January 24, 1942, ch. 16, § 5, 56 Stat. 13, 16. Martinez has not shown that he had any creditable service. See Cheeseman v. Office of Personnel Management, 791 F.2d 138, 140-41 (Fed.Cir.1986), cert. denied, 479 U.S. 1037 (1987) (employee has burden to establish entitlement to benefits). Accordingly, we determine that the Board's decision was not arbitrary or capricious, was supported by substantial evidence, and was issued in accordance with applicable provisions of the law.